Irma Vega **BIJARRO**, Petitioner,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

No. 07–71633.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 5, 2008.

Nadeem H. Makada, Esquire, Burlingame, CA, for Petitioner.

Lyle Davis Jentzer, Esquire, David V. Bernal, Assistant Director, Lauren Fascett, Kurt B. Larson, Esquire, Jeffery R. Leist, Trial, Stacy S. Paddack, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Irma Vega Bijarro, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals ("BIA"), dismissing her appeal of the immigration judge's denial of petitioner's application for cancellation of removal based on her failure to establish exceptional and

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

extremely unusual hardship to her United States citizen child. Petitioner also seeks review of the BIA's denial of her motion to reopen removal proceedings which was based on petitioner's new evidence of hardship to her legal permanent resident husband.

We lack jurisdiction to review petitioner's challenge to the BIA's discretionary determination that petitioner failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003).

In her motion to reopen, petitioner offered new evidence of hardship by submitting evidence that her new husband was suffering from depression. Petitioner also presented evidence that she was suffering mentally from the effects of her failed first marriage. We conclude that the BIA considered the new evidence of hardship, and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (the BIA's denial of a motion to reopen will be reversed only if it is "arbitrary, irrational, or contrary to law").

**PETITION FOR REVIEW DISMISSED IN PART, AND DENIED IN PART.**